John H. Pennock, J.
The petitioner is the defeated candidate for the position of Democratic State committeeman for the County of Ulster. A regular primary election was held on June 2, 1964 for the purpose of electing a candidate to the position of State committeeman for the Democratic party, for the County of Ulster, State of New York. The primary election was conducted in 101 election districts, 20 towns, and 1 city within the County of Ulster. According to the tally sheets and canvass of the results filed by the inspectors of elections of each of the election districts, a total of 3,186 ballots was cast, 1,504 for Harriet Allen Kerr, and 1,458 for the petitioner, *728 Dorothy Karel. Thus, there was a plurality of 46 votes for the successful candidate. In addition thereto 23 blank ballots and 201 void ballots were tallied and recorded by each of the inspectors of the election districts.
The petitioner has challenged this result and brings this summary proceeding under section 330 of the Election Law, praying for relief that the Board of Elections and the Board of Canvassers of the County of Ulster inspect, recanvass and recount the ballots; that the ballot boxes be opened, inspected, canvassed and tallied in accordance with the provisions of the Election Law; that the petitioner be permitted to inspect the ballots contained in the boxes; that the Board of Elections proceed with a recanvass and recount of the ballots; that the results of such recount and recanvass shall be the final result of the primary election; and why the petitioner should not have further and different relief as may be just and proper under the Election Law and in these premises.
The matter was brought on before this court at a Special Term held June 19, 1964 by a show cause order and petition. On the return day the respondent, Harriet Allen Kerr, the successful candidate, made a special appearance and moved for a dismissal. The respondent Kerr claimed this court had no jurisdiction. Subdivision 2 of section 330 of the Election Law requires a proceeding under this subdivision be instituted within 10 days following such primary election. The court reserved decision. The respondents’ position has good basis in law. On July 8, 1964 a determination was made that the court had no jurisdiction to entertain the matter under subdivision 2 of section 330 of the Election Law. The action was not instituted within 10 days of such primary election. The show cause order was signed on the 10th day and was served on members of the Board of Elections and Board of Canvassers within 10 days. Such service was timely under the statute. However, the successful candidate in the primary election, Harriet Allen Kerr, was not served until the 10 days had expired. The Election Law requires specific performance of deeds that need to be done within a certain number of days.
However, this determination only precludes the petitioner from any relief under subdivision 2 of section 330. The petitioner otherwise comes within subdivisions 4 and 5 of section 330 (Matter of O’Shaughnessy v. Bd. of Elections, 15 A D 2d 183). The petition is vague as to the subdivisions on which it is based, but there is sufficient allegation to apprise the parties and the court of the relief which the petitioner seeks, particularly under the prayer for further and different relief as may be *729 just and proper under the Election Law. There was no prayer for a new primary election which is the basic result offered a candidate by subdivision 2. The court shall entertain the proceeding under subdivisions 4 and 5 of section 330 of the Election Law. The court’s summary jurisdiction may rest upon subdivision 5 of section 330, which authorizes a summary review of the canvass by the County Board of Canvassers (Election Law, § 272). Boards routinely undertake re-examination of absentee ballots under section 274 wherever there is a close contest. Although machines were not used, the instant case must be considered a “ close election ”, Thus a board is established by statute (Election Law, § 272) and the court can review its finding (Election Law, § 330).
In this case we are dealing with a primary election for a party position and not a general election, therefore the only available means to a candidate to test an election is under section 330 of the Election Law, contra as to a general election for a public office which can be tested by a quo warranto. As matter of practicality the candidáte in a primary election is limited as to funds and workers. Such candidate cannot always muster sufficient watchers to aid in the enforcement of a true election and must necessarily rely on personal initiative. Thus, the candidate must resort to legal process to test the election and the Legislature in its wisdom has given a primary candidate the vehicle in which to review the election by section 330 of the Election Law.
In the instant case the petitioner does not seek a new primary election; rather, she seeks a recount, recanvass and retally of the ballots cast at that election for the party position of Democratic State committeeman and specifically for a full recanvass of underlying ballots cast at that election. The petitioner in effect protested each and every ballot that was cast at the June 2 election. She resorted to writing a letter which was hand-delivered to the Ulster County Board of Elections on June 8, 1964. This letter in part contained a protest as follows: “it has come to my attention, that many ballots are alleged to have been cast and counted in said election on which the marking failed to conform to requirements of Section 212 of the Election Law; tallies were made in violation of Section 210 of the Election Law; irregularities were caused, suffered, or permitted to occur in the alleged making of an invalid agreement, expressed or implied, for counting votes by some inspectors of elections.” The petitioner selected a crude manner in which to protest the ballots cast in the primary election. It is apparent from the content of the letter that the Board of Elections was *730 aware of the petitioner’s contention in respect to markings and invalid ballots. On the same day, June 8, 1964, the Ulster County Board of Elections sent a letter to the petitioner in answer to the protest that she had filed with the board. In its letter, the Board of Elections decided that “we have no power or authority to recanvass the actual ballots passed at the primary election held June 2, 1964 ”. Apparently the petitioner was dissatisfied with the answer to her protest letter and thus resorted to a proceeding under section 330 of the Election Law. The Board of Elections likewise in its letter refers to the 10-day Statute of Limitations in which to bring any action after a primary election. This undoubtedly confused the petitioner in the first instance in having a matter of hours to act. She hastily instituted proceedings that are now before this court. It cannot be said that the petitioner was guilty of any delay in making the request for a recanvass. The petitioner did not fail to sustain the burden simply because she failed to produce additional proof at the'hearing. The petitioner’s affidavit amply sustained the allegations in the petition. It is obvious that the Legislature never intended to tax a petitioner with what in most cases would be an impossible burden of proof (Matter of McGuiness v. De Sapio, 9 A D 2d 70). And when the Legislature intended to give others and candidates the right to procede pursuant to section 330, it made explicit provision, as in subdivision 5 of that section, relating to the right of any voter to bring a proceeding relating to the canvass of election returns. (Matter of McGuiness v. De Sapio, supra.) It cannot be said the petitioner waived the irregularities. Apparently she had insufficient representatives at the polls at the time the inspectors made determinations on the ballots. When the tally sheets were filed a protest was made by the petitioner in letter form and now the candidate is assuming the position of a voter under subdivision 5. At the hearing, the counsel for the petitioner and the counsel for the respondents stipulated that the petitioner was a voter of the County of Ulster. Thus as a voter she is entitled to the relief which she seeks. Therefore, in the interest of justice under section 330, subdivision 5, and the preamble of section 330 of the Election Law, this court determines that justice requires that the petitioner is entitled to an order compelling the Board of Elections of the County of Ulster and the Board of Canvassers: First, that all ballot boxes be delivered to the Board of Elections within five days of the entry of the order, and on the sixth day following the entry of the order that the ballot boxes be opened and that the ballots be inspected, recanvassed and recounted and that the Board of *731 Elections be and are hereby directed to make any corrections that they determine necessary; that both candidates or a representative be permitted at such inspection and recanvass, and on completion of such provisions of the order that the Board of Elections and Board of Canvassers make a report to this court on their findings, which shall be the final determination as to the primary election. That, in any event, a new primary election shall not be held, in that such relief is not available to the petitioner. That the inspection, recount and recanvass shall be held in an orderly manner under the supervision of the Board of Elections and the Board of Canvassers, all in accordance with the Election Law, without costs.
The petitioner to submit order in compliance with the above determination.